CORNELL v. BATAILLE.

(Circuit Court of Appeals, Second Circuit. April 19, 1894.)

No. 100.

1. PATENTS—INFRINGEMENT—FOLDING GATES.

A patent for a folding gate, consisting of upright pickets and cross and connecting braces pivoted to the pickets and arranged to slide vertically within or upon the pickets, whereby the latter are adapted to slide on a base support without changing their parallelism or their vertical position, the pickets being the characteristic feature, is not infringed by a gate of lattice work pivoted at the intersections like lazy tongs, with a single central upright support. 56 Fed. 840, affirmed.

2. SAME.

The Maddox & Humphries patent, No. 213,119, for a folding gate, construed, and held not infringed. 56 Fed. 840, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit by John M. Cornell against Achille Bataille, for alleged infringement of the first claim of letters patent No. 213,119, issued March 11, 1879, to Maddox & Humphries, for improvements in folding gates. The circuit court dismissed the bill (56 Fed. 840). Complainant appealed.

Charles N. Judson and Willis Fowler, for appellant.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The patent relates to a folding gate capable of moving to and fro, in a straight line, across a gateway, so that, when folded up, it will shut in upon itself, close against the jamb, and leave the gateway substantially free. The claim is for:

"(1) A gate for hallways and other places, consisting of a series of upright pickets, and a series of cross and connecting braces or bars pivoted to the pickets at two or more central points, and having upper and lower points of connection, arranged to slide vertically within or upon the pickets, whereby the latter are adapted to slide upon a base support across the gate opening without changing their parallelism or their positions vertically, substantially as described."

The following drawing, being Fig. 1 of the patent, shows the kind of gate more readily than would an extended description:

The defendant has also a patent for a folding gate, No. 358,956, dated March 8, 1887. The particular gate complained of is slightly modified from his patent, and is shown below:

The modification consists in having the central and outer-end uprights supported from the base, instead of being hung from a transverse rod above. The circuit judge held that such a gate did not infringe the first claim of complainant's patent. To determine that question, it is first necessary to settle what construction is to be put upon the patent. An examination of the art shows that the invention of Maddox & Humphries was not of that primary, pioneer, or fundamental character which admits of a broad and comprehen-

sive interpretation of its claims. Folding gates were old. Some of them consisted mainly of upright bars or rods, called "pickets," connected together so as to admit of their being moved back against the door jamb, or extended therefrom. Others consisted mainly of diagonal intersecting rods, so arranged as to form the movable latticework known as a "lazy tongs." In some instances the support for the outer end rested on a base; in others, it was suspended from above. The defendant contends that the patent in suit must be restricted to a gate in which the pickets are the characteristic feature, and that it is not infringed by his own gate, in which the latticework or lazy tongs is the characteristic feature. In both gates—in fact, apparently, in all·folding gates—the upright next the inner jamb is in no proper sense a picket at all. It is fastened rigidly, has no movement of its own, and is practically only the permanent support, upon which the mechanically operating combination of lazy tongs, cross braces, bars, pickets, or what, not, is bottomed. It has no different function from that of the gate post itself, into which, in the older varieties of lazy-tongs gates (Merritt, 6,957; Bresee, 60,678), the inner end of the latticework was inserted. Lattice or lazy-tongs gates had also, before the patent in suit, been provided with an upright at the outer end, so pivoted to the lazy tongs that at one point the pivot had no vertical motion, while at the other points the vertical motion induced by the operation of the gate was provided for by allowing the pivots to play in slots in the upright. Such devices are shown in Frazee, 172,852, and in Snead, 67,143; the following sketch being Fig. 1 of the last-cited patent:

*Fig. 1*

The fixed pivots in the jamb upright and in the movable or sliding upright, F, F¹, are in the same horizontal plane; and inspection of the movement of a lazy tongs when in operation shows that if it is to be fastened to objects which are themselves to have no vertical motion, and is also to be given free play, the fixed pivots (i. e. fixed, in the sense of having no vertical motion) must be located in the same horizontal plane. Looking at the Snead gate, it is manifest

that, the greater the space it has to close, the weaker it will be; having nothing to support it when open, except at the ends. The gate of defendant meets this difficulty by means of a central support to which the lazy tongs are pivoted by a fixed pivot, in the same horizontal plane as the fixed pivots at the jamb and outer movable upright, while the other connections between the lazy tongs and the central upright are made to slide vertically, thus avoiding any vertical motion in the upright itself. In the complainant's gate the central upright or pivot is arranged in like manner, the plane of fixed pivots being located centrally in complainant's gate, and at the bottom in defendant's. In this device of a central upright support for a folding gate arranged to be pivoted to the latticework in the same way as the outer upright, namely, with the fixed pivot in the same horizontal plane as is the pivot which fastens the latticework to the jamb upright, it is hard to see any patentable invention. It is not necessary, however, to pass upon that point. The complainant has no claim for that single simple improvement, and a brief review of the history of his application shows that the claim here relied on is only for a combination, which his assignors have specifically described, and to which description they must, in view of the state of the art, be closely confined.

In 1877, Maddox, one of the patentees of the patent in suit, took out a patent for a folding gate, No. 191,984, shown below:

It consisted of a series of sliding vertical bars, linked together, in two or more lines of connection, by knuckle joints, with stops; the whole being arranged to be drawn out from the wall so as to fill up the space in the hallway, and fold up close together again against the wall, into a small compass. In the specification of the patent in suit, it is stated that the invention of the patentees, Maddox & Humphries, "has for its object to improve the gate for hallways and other places for which the patent [last above referred to] was granted to Maddox, [which patent] consists in a series of vertical pickets or bars connected * * * by knuckle joints with

stops." In the specification as given in their original application, they state that their improvement consists in "combining a series of cross and connecting braces with the sliding pickets, instead of employing the knuckle joints, for the purpose of strengthening and bracing the gate during its movements, * * * and in adapting the pickets to be held parallel to each other during their movements in opening and closing the gate." The original application was rejected on reference to the Maddox gate, and, in part, on reference to patent to Powell, 138,527. This last-named patent shows a folding gate consisting of a single row of lazy tongs, with a series of upright rods at each intersection of the arms composing the lazy tongs; the function of the uprights being to act as a support to the gate, when extended, and also to obstruct the open space between the gate and the ground. Powell's pickets, however, were not so affixed to the gate as to be vertically immovable during the operation of opening and closing. In reply to this rejection, Maddox & Humphries called the attention of the patent office to the defect of the Maddox gate, viz. that the knuckle joints were effective to hold the pickets apart only when the gate is opened to its fullest extent,—the pickets at other times falling against each other, or spreading apart,—and pointed out how their improvement of cross braces connected with every picket of the series so as to keep them parallel at all times, and without vertical motion, overcame that defect, explaining that the brace bar, H, of the Maddox patent, could not perform the functions of their "cross and connecting braces" because [although connected with the jamb picket and outer picket] it was not connected with the intermediate pickets. In reply to the reference to Powell, they say:

"In Maddox & Humphries' gate the main feature consists in the vertical sliding pickets, the other devices being subordinate, and adapted as one means for moving the pickets. In Powell's gate the main feature is the lazy tongs, the vertical rods * * * being subordinate, and used to prevent the gate from bowing when extended, and incidentally to partially obstruct the space under the extended gate. * * * The rods [of Powell] are not sliding pickets, but incidental devices for supporting the gate on a broad base when extended. Maddox & Humphries construct their gate mainly of sliding pickets, so arranged as to slide on the ground in a horizontal plane," etc.

The applicants also changed the specification touching the statement of their improvement from the form above quoted to the following:

"Our improvements * * * consist—First, in so combining a series of cross and connecting braces or bars with the pickets—instead of employing knuckle joints—as to strengthen and support the gate, and adapt it to slide upon its support without changing the vertical position of the pickets, and at the same time preserving their parallelism when the gate is opening and closing."

Manifestly, the "gate" which is here spoken of as "sliding upon its support" is the picket gate depicted in the drawings annexed to the original Maddox patent, and to the patent for the improvement of Maddox & Humphries. Inspection of the defendant's gate shows that it is essentially not a picket gate, but a lazy-tongs gate, with a single central support, and therefore it does not infringe. Decree of circuit court is affirmed.